UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ROBERT MARKHAM TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 5:22-CV-159-REW-HAI |
| v. | ) | |
| | ) | |
| SCOTT JORDAN, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

On July 15, 2022,[1] *pro se* Petitioner Robert Markham Taylor filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. *See* DE 10. Taylor challenged prior state court decisions concluding that (1) his trial counsel was not ineffective for failing to investigate James Gayheart, an alleged exculpatory witness, and (2) that his trial and appellate counsel were not ineffective for failing to argue that the kidnapping jury instruction, given at trial, was unsupported by sufficient evidence. *See id.* at 5, 7. Warden Jordan responded in opposition, *see* DE 17, and Taylor replied, *see* DE 21. United States Magistrate Judge Hanly A. Ingram recommended that the undersigned deny Taylor's petition and issue no certificate of appealability. *See* DE 22 at 16. Judge Ingram expressly informed the parties of their right to object to the recommendation under 28 U.S.C. § 636(b)(1). *See id.* at 17. The established, fourteen-day objection deadline has passed, and neither party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v.*

---

[1] Taylor initially filed his § 2254 petition on June 15, 2022. *See* DE 1. Because that petition was not signed by Taylor, the Court ordered him to refile a corrected petition. *See* DE 8. Taylor did so on July 15, 2022. *See* DE 10.

1

*Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal.").

The Court has considered the recommended disposition, as well as the entire record and relevant authority. The Court adopts and agrees with Judge Ingram's careful analysis and conclusions. Regarding the first claim, the record refutes Taylor's theory that his trial counsel failed to investigate Gayheart and that, absent this failure, Gayheart's interview with detectives would have refuted the Commonwealth's case in chief. *See* DE 10-1 at 14-15. During trial, defense counsel referenced the interview and highlighted the discrepancies between the interview and Gayheart's earlier 911 call. *See* Trial Rec., 6/7/2016 at 8:49-26-8:49:52. While Taylor's counsel did not subpoena Gayheart to appear at trial, Taylor has not sufficiently shown this would have secured Gayheart's presence. Indeed, the Commonwealth itself was unable to serve Gayheart because he was allegedly homelessness, *see Taylor v. Commonwealth*, Nos. 2020-CA-565-MR, 2019-CA-810-MR, 2021 WL 23547, at *3 (Ky. Ct. App. June 11, 2021), and Gayheart's affidavit stated that he "knew [he] was needed [at trial] but . . . hid[.]" DE 10-2 at 9.

As to the second claim, Taylor argues that his trial and appellate counsel were ineffective in failing to argue that the kidnapping jury instruction was unsupported by sufficient evidence.

2

*See* DE 10 at 7.  On direct appeal, the Kentucky Supreme Court concluded that the kidnapping exemption statute—K.R.S. § 509.050—was inapplicable.  *See Taylor v. Commonwealth*, 2016-SC-410, 2017 WL 503477, at *4 (Ky. Nov. 2, 2017).  The court thus rejected Taylor's claim that, because the exemption applied, the trial court erroneously gave the kidnapping jury instruction.  *Id.*  Given that the exemption statute was inapplicable, defense counsel's argument that the instruction was unsupported by sufficient evidence would be meritless.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir.2013) ("The underlying arguments are meritless; it could scarcely be ineffective of appellate counsel not to raise them.").  In any event, as Judge Ingram stated, Taylor's argument otherwise is "vague, undeveloped, and does not address the evidence that was presented to the jury or the elements necessary to sustain a kidnapping conviction."  DE 22 at 15-16.

Accordingly, the Court **ADOPTS** DE 22, **DENIES** Taylor's § 2254 petition, and further **DENIES** a certificate of appealability, for the reasons included in Judge Ingram's § 2253 discussion.  A Judgment to this effect follows.

This the 18th day of August, 2023.

Signed By:
*Robert E. Wier*
United States District Judge